# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY FRUTO HERNANDEZ, | Case No. 1:26-cv-034941-KES-SAB-HC |
| Petitioner, | ORDER AUTHORIZING IN FORMA PAUPERIS STATUS |
| v. | ORDER APPOINTING COUNSEL FOR PETITIONER |
| IMMIGRATION CUSTOMS ENFORCEMENT, et al., | ORDER SETTING BRIEFING SCHEDULE |
| Respondents. | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS ON FEDERAL DEFENDER |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Based on the length of time in which Petitioner has been in immigration detention, the Court hereby authorizes petitioner to proceed in forma pauperis without prepayment of the filing fee in this action. See 28 U.S.C. § 1914.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

1

Upon review of Respondents' response, (ECF No. 6), the Court finds that the interests of justice require the appointment of counsel in light of the complexity of the legal issues involved. Based on the appointment of counsel and given Respondents' indication that they are working on Petitioner's third-country removal to Mexico rather than Cuba, the Court sua sponte grants Petitioner leave to file an amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1.  Counsel is APPOINTED for Petitioner.

2.  Within **SEVEN (7) days** of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:

    a.  Identify counsel; and

    b.  **Submit a proposed appointment order to the email box of the undersigned**.

3.  Within **SEVEN (7) days** of the date of service of this order, **counsel SHALL FILE a notice of appearance in this case**.

4.  Within **THIRTY (30) days** of the date of service of this order, Petitioner SHALL FILE a First Amended Petition ("FAP").

5.  Within **TWENTY-ONE (21) days** of the date the FAP is filed with the Court, Respondent SHALL FILE a RESPONSE to the FAP, including **addressing whether this case is distinguishable from those cases in which this Court has granted habeas relief**. See Rule 4, Rules Governing Section 2254 Cases[1]; Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[2] A Response can be made by filing one of the following:

    a.  AN ANSWER addressing the merits of the FAP. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER but must also address the merits of the claim asserted.

    b.  A MOTION TO DISMISS the FAP.

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

[2] See also Schwarz v. Meinberg, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

6. Within **TWENTY-ONE (21) days** of the date the FAP is filed with the Court, Respondent SHALL FILE all relevant portions of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the Petition. See Rule 5(c), Rules Governing Section 2254 Cases. The documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the documents unless so ordered by this Court

7. If Respondent files an Answer to the FAP, Petitioner MAY FILE a Traverse within **FOURTEEN (14) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the FAP and Answer are deemed submitted at the expiration of the ten days.

8. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **FOURTEEN (14) days** of the date of service of Respondent's Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition has been filed in CM/ECF. The Motion to Dismiss will be deemed submitted when the time to reply has expired.

9. The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy of the Petition, via email, on the Federal Defender's Office at cae_appointments_habeas@fd.org, and on the Office of the United States Attorney for the Eastern District of California at usacae.ecf2241-imm@usdoj.gov.

Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **July 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3